CENTER FOR DISABILITY ACCESS, LLP
M. ERIC PARKAN, ESQ., SBN 35687
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 E. San Marcos Blvd., Ste 400
San Marcos, Ca 92069
(760) 480-4162; Fax (760) 480-4170

Attorney for Plaintiff, EULA KOLB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EULA KOLB,

    Plaintiff,

v.

WILLIAM PAUL TURNER, DOING BUSINESS AS MC CARTY'S COPPER INN; and DOES 1 through 10, inclusive

    Defendants.

Case No.:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICANS WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT;

**DEMAND FOR JURY**

Plaintiff EULA KOLB complains of Defendants WILLIAM PAUL TURNER, DOING BUSINESS AS MC CARTY'S COPPER INN and DOES 1 through 10, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**PARTIES:**

**1.** Plaintiff is a California resident with physical disabilities. She is an amputee who requires a wheelchair for mobility.

**2.** Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the market and gasoline station located at 522 Main Street, Copperopolis, California ("McCarty's Copper Inn").

**FACTUAL ALLEGATIONS:**

**3.** On January 12, 2006, plaintiff filed a lawsuit against the defendant alleging

violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. Specifically, the plaintiff alleged that the defendant had discriminated against her by failing to provide accessible facilities at McCarty's Copper Inn in violation of Title III of the Americans with Disabilities Act.

4. That lawsuit settled with the defendants signing the settlement agreement on December 24, 2006.

5. On two occasions in January of 2007, the plaintiff who lives in about 5-10 minutes from McCarty's Copper Inn went to the business for propane and other goods and services. The plaintiff noticed first that the defendant's business was displaying a public sign stating that due to Eula Kolb's lawsuit, the restroom was unavailable. In addition to this attempt to hold Ms. Kolb up for public censure, and more seriously, the defendant refused to provide service to the plaintiff because of the lawsuit. These refusals of service were an act of discrimination in retaliation for the fact that Ms. Kolb had filed a lawsuit charging the defendant with violation of the Americans with Disabilities Act and asserted her rights.

6. Naturally, plaintiff KOLB was frustrated, angry and/or vexed as a result of these violations of her civil rights.

I. **FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

7. When the defendant refused service to the plaintiff because of the plaintiff's participation in a lawsuit against the defendant for violation of the Americans with Disabilities Act, he violated the anti-retaliation provisions of section 503 of the ADA. it is unlawful to discriminate against any individual because such individual has opposed any act or practice unlawful under the ADA or because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under the ADA. See 42 U.S.C. § 12203(a). It is also to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of any right under the ADA. See 42 U.S.C. § 12203(b).

**II.   SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-52)

**8.** Defendants are persons who operate a business establishment. As such, the Defendants are required to avoid any discrimination on the basis of disability and to comply fully with the provisions of the Americans with Disabilities Act. See Cal. Civ. § 51(f). By retaliating against the plaintiff as outlined in the above paragraphs in violation of Section 503 of the ADA, the defendants violated the Unruh Civil Rights Act.

**III.   THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

**9.** Under the California Disabled Persons Act, the defendants are required to avoid any discrimination on the basis of disability and to comply fully with the provisions of the Americans with Disabilities Act. See Cal. Civ. § 54(e). By retaliating against the plaintiff as outlined in the above paragraphs in violation of Section 503 of the ADA, the defendants violated the California Disabled Persons Act.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to cease its retaliation and discrimination. **Note**: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

**2.** Statutory damages under the Unruh Civil Rights Act and the California Disabled Persons Act;

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to the Americans with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act (section 54.3).

Dated: February 14, 2007          CENTER FOR DISABILITY ACCESS, LLP

By: _____
　　MARK D. POTTER
　　Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: February 14, 2007          CENTER FOR DISABILITY ACCESS, LLP

By: _____
　　MARK D. POTTER
　　Attorneys for Plaintiff

Complaint